A. RANDALL AND T. S. ALEXANDER *vs.* THOMAS SWANN AND J. BUSEY.—*December* 1838.

Trustees appointed by the Court of Chancery may, if the terms are not complied with, ask for a re-sale; but if the trustees make an arrangement with the purchasers beneficial to them, which the Chancellor rejects, though he confirms the sale, such re-sale will not be at the risk of the first purchasers.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 3rd November 1836, by *Alexander Randall* and *Thomas S. Alexander*, and alleged that, by a decree of this court of the 8th January 1835, they were appointed trustees to sell certain real estate; that in execution of their powers, on the 12th June 1835, they sold to *Thomas Swann* certain parcels of real estate, Nos. 2, 3, 4; viz. Lot No. 2—42$\frac{1}{4}$ acres, at $30 per acre. Lot No. 3—145$\frac{1}{4}$ acres, $27 per acre. Lot No. 4—256$\frac{1}{4}$ acres, $20 per acre. That one fifth of the purchase money was to be paid on the final ratification of the sale. The balance in four equal annual instalments. The whole was to be secured by approved bonds. That these sales were duly reported to, and ratified by the Court of Chancery. That said *Swann* sold Lot No. 2 to *Joseph Busey*, and the complainants accepted from *Busey* his bonds for the original purchase money, with an understanding that, this arrangement was to be void unless *Swann* complied with his purchase of the residue of the property; that he has refused, and *Busey* has also refused to pay up the second and other instalments due on his purchase. That complainants have therefore a right to set aside the whole sale; that *Swann* does not reside in *Maryland*, and has *no* effects here. Prayer that the contract between them and *Swann* may be specifically executed, that the property may be re-sold at the risk of *Swann*, and complainants paid out of the proceeds.

With this bill was filed the proceedings in the cause, under which the complainants were appointed, and acted as trustees. The property sold by them had been mortgaged by *John Mercer*, and the report of the sales was in part as follows:

"The trustees further report that, *Mary S. Mercer*, the wife of the said *John Mercer*, having a contingent right of dower in all the said lands, it was agreed by the trustees, the said *John Mercer* and wife, and all the parties to this suit, that the contingent right of dower should be relinquished, and released by the said *Mary S. Mercer*, in and to all the mortgaged lands, in favor of the purchasers respectively thereof, and that the said trustees should, in consideration thereof, convey to the

said *Mary S. Mercer* in fee simple, all the right, title and estate, of all the parties to the proceedings, in and to the undivided moiety of the parcel of the land mortgaged, called the *Park* or *Cedar Park;* that the trustees believing by this agreement being executed the interest of all concerned would be promoted, consented thereto, on condition that, the same should be approved and confirmed by the Chancellor."

An order of publication and interlocutory decree, declaring the complainants entitled to relief as against *Thomas Swann,* were passed by the Chancellor, and a commission ordered to take proof.

*Joseph Busey* the other defendant answered the bill, admitted all its facts so far as he was acquainted with them, and consented to a re-sale. But alleged that, he agreed to purchase Lot No. 2 from *Thomas Swann,* through his agent *John Mercer.* The special terms of that contract were then set forth, and the answer alleged that, as the trustees would not agree to them, he abandoned this purchase from *Swann,* and prayed that, the money paid by him should be applied to the other parcels of the same property purchased by him, viz: Lots 3 & 4.

Under the commission, the complainants only proved the sale to *Swann* by the auctioneer who made it.

At March term 1837, the Chancellor (BLAND) dismissed the bill with costs, and the complainants brought the present appeal.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, and CHAMBERS, J.

By *T. S. Alexander* for the appellant.

No counsel appeared for the appellees.

CHAMBERS, J., delivered the opinion of the court.

The trustees have no other means of enforcing payment but by a re-sale of the land.

The difficulty arises from the peculiar position of the case, by confirming the sale, and at the same time rejecting the ar-

rangement into which the trustees entered without the authority of the court. The result would be, to hold the purchaser to a bargain he never made, and as far as we know never would have made, by compelling him to pay for a title encumbered with dower, the price he contracted to give for the title discharged of this incumbrance.

The trustees now being before the court, asking its aid to enforce the payment of the purchase money for the persons entitled, and whose interests they represent may be required to receive that aid, on such terms as the court may deem equitable.

An order for a re-sale should be passed, but the purchaser ought not to be held answerable for any deficiency in the amount; which may be effected by a decree rescinding the sale to *Thomas Swann,* and directing a re-sale on the terms of the original decree.

The court will sign such a decree.

DECREE REVERSED AND CAUSE REMANDED.